# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**MARY AMATO**

      Plaintiff,

v.

**MAGGIANO'S HOLDING CORPORATION,
MAGGIANO'S/CORNER BAKERY HOLDING CORPORATION,
AND MAGGIANO'S LITTLE ITALY,**

      Defendants.

Case No. 20-    -NO
Hon.
2020-182220-NO
JUDGE D. LANGFORD MORRIS

---

Samantha E. Draugelis (P75754)
Nicholas T. Draugelis (P75883)
**DRAUGELIS & DRAUGELIS, PLLC**
*Attorneys for Plaintiff*
25615 Jefferson Ave.
St Clair Shores, MI 48081
(313) 251-6606 // (313) 731-0390 (f)
sam@DandDLawFirm.com

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

---

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

/s/ Samantha E. Draugelis
Samantha E. Draugelis, Esq.

NOW COMES Plaintiff, **MARY AMATO**, by and through counsel, **DRAUGELIS & DRAUGELIS, PLLC**, and for her Complaint hereby states as follows:

### COMMON ALLEGATIONS

1. Plaintiff is a resident of Macomb County, Michigan.

1

2. Upon information and belief, the above-named Defendants (referred to hereafter in the singular) are foreign corporations which conduct business in Michigan including in Oakland County.

3. The incident at issue occurred at a restaurant known as Maggiano's Little Italy believed to be owned and operated by Defendants in Oakland County, Michigan, located at 2089 W Big Beaver Road Troy, Michigan 48084, on or about August 27, 2017.

4. The amount in controversy is in excess of $25,000.

## COUNT I - NEGLIGENCE

5. Plaintiff incorporates by reference paragraphs 1 through 4.

6. On or about August 27, 2017, Plaintiff was an invitee on property which was, upon information and belief, owned and/or leased and/or operated by Defendant and which was under the care and control of Defendant.

7. On the aforesaid date, Plaintiff was walking near the exterior of the building which was under the care and control of Defendant at the direction and/or suggestion of an agent of Defendant.

8. Due to Defendant's failure to ensure proper lighting in the area, and, due to other failures as referenced herein and which may become known throughout the course of discovery, Plaintiff was unable to properly see the area where she was told she could walk.

9. Plaintiff fell to the ground after losing her footing due to her inability to see and/or for other reasons which may be discussed during discovery.

10. As a result of the aforesaid occurrence, Defendant breached its duties and was negligent in one or more of the following ways:

    a. failing to maintain the premises in a reasonably safe condition;

    b. failing to adequately inspect, test, evaluate, and/or assess the premises for hazards, including ensuring that customers at the movie theaters were safe;

    c. failing to warn, advise, and/or instruct Plaintiff of the danger of the hazard on which she fell;

    d. failing to perform necessary cleaning activity after having actual and/or constructive knowledge of the existence of the hazard and the need to make necessary repairs;

    e. failing to safely construct and/or design and/or maintain the area in which customers, including Plaintiff, walked;

    f. failing to properly light the walkways on Defendant's property and/or failing to light areas which Defendant knew or should have known would be traversed by Plaintiff and/or other invitees;

    g. other duties which may become known through the course of discovery.

11. One or more of Defendant's negligent acts or omissions was a legal and proximate cause of Plaintiff's fall and the injuries and damages which resulted.

12. Defendant's negligence was the legal and proximate cause of injury to Plaintiff's body, including without limitation, to her hip, legs, and other areas of her body, as well as mental anguish, frustration, and other damages and injuries.

13. As a result of Defendant's negligence, Plaintiff has and will in the future incur expenses for medical care, services, and supplies, and for monitoring of her condition, lost wages, and other economic damages.

**WHEREFORE**, Plaintiff respectfully requests that this court award damages that will fully and fairly compensate her for her injuries, losses, and damages, both economic and non-economic, in excess of $25,000, plus costs, interest, attorney fees, and any other remedy deemed just.

                                              Respectfully submitted,
                                              **DRAUGELIS & DRAUGELIS, PLLC**
                                              *Attorneys for Plaintiff*

BY:    /s/ Samantha E. Draugelis
           Samantha E. Draugelis (P75754)
           Nicholas T. Draugelis (P75883)
           25615 Jefferson Ave.
           St Clair Shores, MI 48081
           (313) 251-6606
           sam@DandDLawFirm.com

Dated: June 8, 2020

4